Tbe opinion of tbe Court was delivered by
MuNBO, J.
In reference to tbe defendant’s first ground in arrest of judgment, it is a mistake to suppose, that in an indictment for perjury, it is necessary to allege, that tbe oath upon which tbe perjury is assigned, was taken upon tbe Gospel of God, or Holy Bible; or that it was administered to tbe defendant according to tbe ceremonies of any particular religion. In tbe indictment in this case,, it is alleged that “ the said E. B. Earrow was then, and there, offered and appeared, as a witness, to establish and prove tbe discount so offered by him, in the plea aforesaid, and was then and there duly sworn, &c.” So far from this manner of stating tbe oath being objectionable, it is on tbe contrary in strict conformity with tbe most approved precedents, (see 3 Chit. Or. L. 309,) and infinitely less liable to objection, than tbe mode of stating it, as suggested in tbe defendant’s ground of appeal, as will be seen by reference to tbe case of tbe State vs. Porter, 2 Hill, 611.
As regards tbe defendant’s second ground, because tbe indictment does not allege that tbe Court bad jurisdiction of *168 tbe subject matter of tbe prosecutor’s suit, or of tbe defendant’s discount — it is sufficient to say, tbat tbe allegation in tbe indictment, tbat tbe action to wbicb tbe defendant set up bis discount was on a summary process, is sufficiently specific, without setting out, either tbe amount of tbe plaintiff’s demand, or of tbe defendant’s discount — for if tbe discount bad not been within tbe summary process jurisdiction, it would have been wholly inadmissible.
Tbe only other ground we deem it necessary to consider, is tbe second ground for a new trial, wbicb questions tbe competency of tbe prosecutor to testify, because, as is said, be was interested in procuring tbe defendant’s conviction. Tbe rule as to tbe competency of tbe prosecutor to testify in a prosecution for perjury, is thus stated in tbe 3d Vol. of Greenleaf’s Ev., sec. 390. “Tbe modern rule places tbe prosecutor in tbe same position as any other witness, rejecting him only where be has a direct, certain, and immediate interest in the record.”
Testing tbe prosecutor’s competency by this rule, and assuming him to have been really indebted to tbe defendant, there was certainly nothing in tbe mere fact of bis indebtedness tbat could extend to bis competency; however it might affect his credibility, and'wbicb by tbe way, was a question, not for tbe Court, but for tbe jury.
■ As regards tbe remaining grounds of appeal, we have been unable to discover any thing in either of them, tbat can avail tbe defendant, without trenching upon tbe province of tbe jury-
Tbe motion is therefore dismissed.
O’Neall, Waedlaw, Withebs, WhitNEe, and G-loyeR, JJ., concurred.

Motion refused.